PER CURIAM.
This is an appeal brought by defendant in an action for cancellation of an instrument purportedly giving appellant the right to purchase or lease property owned by appel-lee.
The complaint filed by appellee acknowledged the existence of his signature on a document giving appellant such options, but alleges that he did not knowingly sign the document and further that the signature was procured by appellant’s representation that the paper related to an insurance loss matter; it was also alleged that appellee cannot read or write save for his name. In brief, appellee claims he was tricked into signing the document.
After taking testimony, the lower court found that appellee could not read and that he did not knowingly sign the contract upon which appellant rests his case. The Chancellor charitably concluded that appellee’s signature was obtained by his mistake or other inequitable circumstances. Our review of the testimony in the record indicates ample evidentiary support for the Chancellor’s findings and decree cancelling and declaring null and void the document constituting the subject matter of this action.
The decree appealed is affirmed on the authority of Soud v. Hike, 56 So.2d 462 (Fla.1952) ; and Fishman v. Thompson, 181 So.2d 604 (Fla.App.3d 1966).
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.